*M'Caleb* for the plaintiffs—*Carleton & Lockett* for the defendant.

---

## BURROUGHS vs. JAYNE & AL.

The ratification of a void contract, cannot affect the interest of third parties.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The only question in this cause is whether the intervener has a privilege for money paid by him as agent of the defendant for insuring a vessel seized in execution at the suit of the plaintiff.

The facts of the case shew to our satisfaction, that the act of the intervener insuring the

vessel, though not authorized at the time of its commission, was ratified by the defendant since the service made by the plaintiff.

The intervener contends that the ratification relates back to the date or time when the act was done, on the maxim *omnis ratihabitio, mandato æquiparatur*. Admitting the position to be correct as between the parties to the contract, the ratification cannot affect rights which third persons may have acquired on the thing previous to the confirmation. The law on this subject makes a distinction between acts which are void, and those which are voidable: giving the effect contended for by the interpleader, to a ratification of the latter, and denying it to the former. In the one case there is a contract which it requires some act of the party to it, to set aside: in the other there is none, the contract being formed by the ratification. The insurance made by the interpleader without authority, or direction from the defendant is of the latter kind; until ratified it was completely null and void in relation to the principal. The authorities cited by plaintiff's counsel are decisive we think in sustaining the position taken by him. *Lou. code,*

1789, *ibid* 2252. *Toullier, vol. 8, no. 553,*
*Merlin questions de droit, verbo ratification.*

BURROWS
*vs.*
JAYNES & AL

The judgment of the court below is there-
fore affirmed with costs.